# Dvorak & Associates, LLC
# Attorneys-at-Law

Lori A. Dvorak
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney



Warren E. Hare, Of Counsel
Marc D. Mory
Danielle Abouzeid
Paul A. Kaster

390 George Street. 8th Floor. New Brunswick, NJ 08901
Phone: (732) 317-0130.    Fax: (732) 317-0140.
www.dvorakandassociates.com

August 8, 2011

Hon. Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street - Room 5050
Trenton, New Jersey 08608

> **Re:    Buck Foston's New Brunswick, LLC, et al. v. James M. Cahill, et al.**
> **Civil Action Nos.:  3:11-cv-03731-FLW-TJB**
> **Our File No.: 42-1264**

Dear Judge Wolfson:

In regard to the above-captioned matter, the undersigned represents defendants, James M. Cahill and City of New Brunswick.  Please accept the within letter brief in opposition to Plaintiff's Motion for a Temporary Restraining Order, Motion for Preliminary Injunction and Motion for Expedited Discovery. [Docket Entries 9-13][1] By Order of Magistrate Judge Bongiovanni, the within opposition is due by August 8, 2011.

<u>Legal Standard</u>

In determining whether a preliminary injunction should issue, a Court should balance the following factors:

> (1) whether the movant has shown a reasonable probability of success on the merits;
> (2) whether the movant will be irreparably injured by denial of the relief; (3) whether

---

[1]Magistrate Judge Bongiovanni has advised that with respect to Plaintiff's Motion for Expedited Discovery, since Plaintiff requested a date for same of August 9, 2011, and further noted that these Defendants response was due August 8, 2011 and Plaintiff requested until August 10, 2011 for a reply submission, the Court held that the requested deposition will not be held on August 9, 2011.  Rather, Judge Bongiovanni advised the discovery portion of the within motions will be dealt with on an expedited basis after all submissions to the Court are completed.

Dvorak & Associates, LLC
Attorneys-at-Law

August 8, 2011
Page 2

granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. Of Educ., 84 F.3d. 1471, 1477 n.2 (3d Cir. 1996).

As to factor number one, the likelihood of success on the merits, prior to obtaining a preliminary injunction, Plaintiff must demonstrate a strong likelihood of success on the merits. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999). A preliminary injunction will not be granted unless the movant, by a clear showing, carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In this regard, in order to show by clear and convincing evidence that Plaintiff will succeed on the merits, Plaintiff must prove that the delay has been caused by a desire to unconstitutionally restrict Plaintiff's choice of names. To this end, Plaintiff has no direct proof of same, but rather relies upon the length of the investigation, and argues that because the length of the investigation endangers Plaintiff's completion of its deal, that *therefore* the length of the investigation is proof of an improper motive. In support of its argument that the length of the investigation is improper, Plaintiff relies upon the Certification of James Clarkin, Esq., yet another attorney for Plaintiff. Plaintiff's counsel submits to the Court a certification that he "cannot think of any rational explanation for the major delay in processing the liquor license transfer application." (Certification of Clarkin at ¶11).[2]

Plaintiff is under the apparently misguided impression that the Police Department's function in this process is limited to performing a background check on Mr. Blatterfein and Mr. Sorrentino. Such is not the case. A review of the New Jersey Alcoholic Beverage Control Statutes, New Jersey Administrative Code provisions regarding Alcoholic Beverages and even the Handbooks issued by the State of New Jersey, Office of the Attorney General, Division of Alcoholic Beverage Control for Municipal Issuing Authorities and for Retail Licensees as well as developed case law, these controlling sources dictate and describe the duties and responsibilities of the municipal authority. The fulfillment of each of these responsibilities clearly demonstrates that the investigation by the Police Department has been well within the permissible boundaries of an investigation, and has been fulfilling the requirement to enforce the law.

---

[2]In this regard, Mr. Clarkin provides a quasi-expert opinion. In this regard, Defendants object to reliance upon Mr. Clarkin's certification to the extent it is a purported expert opinion.

Assuming *arguendo*, the Court accepts Plaintiff's proffer of Mr. Clarkin's opinions, Defendants submit that Mr. Clarkin has not received the benefit of the full information necessary to reach an informed conclusion.

Dvorak & Associates, LLC
Attorneys-at-Law

August 8, 2011
Page 3

      The questions are (1) what are the time constraints imposed upon the municipality, and (2) what are Plaintiff's remedies for breach of same.  The State of New Jersey, Office of the Attorney General has promulgated two Handbooks from the Division of Alcoholic Beverage Control.  The first is "For Municipal Issuing Authorities" (hereafter "ABC Municipal Handbook") and provides in relevant part:

      Hearings Regarding Issuance, Renewal or Transfer of License
      A Tax Clearance Certificate is a prerequisite to municipal action regarding issuance, renewal, or transfer of a license.  Tax Clearance Certificates are issued by the New Jersey Division of Taxation. ...[N.J.S.A. 33:1-17.1]

      Failure to Act Upon Renewal - Transfer or New Issuance
      Failure of the local issuing authority to act upon a renewal application ... within 60 days of receipt of an application for a license transfer may be considered a denial.  An appeal to the Director may be filed by the licensee/applicant. [N.J.A.C. 13.2-7.7(d)]

      APPENDIX A, Procedure to File an Appeal with the Division of Alcoholic Beverage Contol
      Time Limits:
      ...
      "De Facto" denials, by non-action on the part of the municipal issuing authority, may be appealed as follows:
          ...
          C.    **Application for Transfer**: 60 days after the date of filing of the application.
             N.J.A.C. 13:2-7.7(d).
      **NOTE:** For the "de facto" time period to begin, the application filed must be fully complete, all fees paid and all required disclosures must have been made by the applicant. [emphasis in original]

      Therefore, the question is, when was Plaintiff's application complete?  It is undisputed, Plaintiff's Tax Clearance Certificate was issued by the State of New Jersey on July 1, 2011 (See Exhibit 1 to Dvorak Certification).  The Certificate was sent by Plaintiff's counsel Clarkin on July 13, 2011 to the City of New Brunswick and received by the Municipal Clerk, Daniel Torisi on July 14, 2011 (See Exhibit 2 to Dvorak Certification).

      Based upon the above information, the inquiry can stop here once one additional piece of information is added.  Plaintiff filed this federal court action on June 29, 2011. In other words, Plaintiff filed the within case claiming in Count 1 that his rights of freedom of speech and expression under the First Amendment to the United States Constitution were violated for failing to transfer the license, while the City of New Brunswick was prohibited by law from transferring the License. Plaintiff filed the within case claiming in Count 2 that his rights of freedom of speech and expression

# Dvorak & Associates, LLC
### Attorneys-at-Law

August 8, 2011
Page 4

under the First Amendment of the New Jersey Constitution were violated by failing to transfer the license, while the City of New Brunswick was prohibited by law from transferring the License. Plaintiff filed the within case claiming in Count 3 seeking a Declaratory Judgment that Defendants have wrongfully refused to process Plaintiffs' background check and application on a constitutionally impermissible ground, while at the same time, Defendants were prohibited by law from transferring the license due to Plaintiff's own incomplete application.  Defendants submit that the filing of the within complaint constitutes a frivolous pleading entitling it to costs and fees under 42 USC §1988 and sanctions under Rule 11.[3]

Next, given that Plaintiff's application was completed on July 14, 2011, the next question is when is the City's decision due?  By application of law, if not acted upon within 60 days, Plaintiff's application is deemed denied 60 days from completion of the application, or on September 14, 2011.  See N.J.A.C. 13:2-7-7(d).  In other words the City of New Brunswick has 60 days from completion of the application to consider same.  The City Council has meetings scheduled for August 17, 2011 and September 7, 2011 which are both within the 60 day window.  (See Exhibit 3 to Dvorak Certification).  And yet, Plaintiff has filed the within litigation on June 29th,  seeking to declare the City's actions unconstitutional, when the City's time for consideration had not yet started to run.  Plaintiff filed the within Motion for a Preliminary Injunction on August 2, 2011, when the City's time for consideration has not yet concluded.  Defendants submit that the filing of the within Motion for Preliminary Injunction and for Temporary Restraints constitutes a frivolous pleading entitling it to costs and fees under 42 USC §1988 and sanctions under Rule 11 (see footnote 2, *supra*).

Assuming, *arguendo*, the City does not act within the 60 day window, the Plaintiff is not without remedies.  Plaintiff's remedy is to file an Appeal to the State Division of Alcoholic Beverage Control.  N.J.A.C. 13:2-7-7(d).  If the case is contested, the Director of ABC shall file it with the Office of Administrative Law or may retain it.  N.J.A.C. 13:2-17.5.  Thereafter, Plaintiff may appeal to the Superior Court, Appellate Division.  See N.J.A.C. 13:17.12 and N.J.A.C. 1:1 et seq.

Defendants assert that the within application is brought about as a result of Plaintiff's own doing.  Several facts bear out this conclusion.  Plaintiff asserts that this deal has been in the works since 2009.  (See complaint [docket entry #1], para 1).  Plaintiff's Contract of Sale for the Purchase of the Property is dated January 3, 2011 (See Certification of Clarkin [docket entry #12], para 17).  Yet Plaintiff did not file his liquor license transfer application until April 5, 2011.  (See Certification of Clarkin [docket entry #12], para 4).  Plaintiff advises he had to surrender $75,000 to the Seller to extend an unspecified closing date, therefore it is unclear when the money was surrendered or when the closing date was scheduled for or what, if any, relevance there is to the within matter.  (See

---

[3]Defendants reserve the right to bring said application in the time frames set by the court and recognize said application is not the subject of the within application.

# Dvorak & Associates, LLC
### Attorneys-at-Law

August 8, 2011
Page 5

complaint [docket entry #1], para 46). Plaintiff next states that "then" he had to pay $30,000 on May 15, 2011 to extend the closing date for an additional 45 days. (See complaint [docket entry #1], para 46). Again, pursuant to state law, the City of New Brunswick was prohibited by law from transferring the license on this date. Plaintiff further complains he has had to pay $1,000 per day to further extend the closing date, (See complaint [docket entry #1], para 46), and yet the City of New Brunswick was prohibited by law from transferring the license until July 14, 2011 at the earliest.

Plaintiff's papers continually complain that no one from New Brunswick has advised the status of the application. Yet plaintiff cites to no legal requirement that the City report its status to the applicant on any particular milestones. In fact, the law contemplates an entity who does not timely act, is subject to a remedy of a "de facto" denial. The problem here for Plaintiff is that New Brunswick is still within its time to act. Plaintiff is just unhappy with the terms of his deal and has brought the within litigation in bad faith in an attempt to compel the City to act prematurely and improvidently. Such actions cannot be condoned and the City should be permitted to continue its investigation. Plaintiff complains that his deal will be lost on August 31st if the transfer of the license and closing have not occurred (See Certification of Clarkin [docket entry #12], para 17), and yet under state law, Defendants have until September 14, 2011 to act.

Even though the City and Mayor Cahill submit they were well within the time to act under state law, should the Court reach the question of substance, the City has been conducting an investigation in good faith, and well within its rights under law. The law of the State of New Jersey provides it is the **public policy** of the State of New Jersey "**[t]o strictly regulate alcoholic beverages to protect the health, safety and welfare of the people of this State. ...**" N.J.S.A. 33:1-3.1(b)(1) [emphasis added]. The New Jersey Legislature has further delineated the "duties" of a municipality with respect to licensing as follows:

> Duties of municipal authorities issuing licenses
> It shall be the duty of each other issuing authority to receive applications for such licenses as such other issuing authority is authorized to issue;  **to investigate applicants and to inspect premises sought to be licensed**; to conduct public hearings on applications and revocations; to enforce primarily the provisions of this chapter and the rules and regulations so far as the same pertain or refer to or are in any way connected with retail licenses, except plenary retail licenses, to maintain proper records; to keep full and correct minutes; **and to do, perform, take and adopt all other acts, procedures and methods designed to insure the fair, impartial, stringent and comprehensive administration of this chapter**. **The enumeration of the above specific duties shall not be construed to limit or restrict in any way the general authority given by this chapter to each said other issuing authority.**

N.J.S.A. 33:1-24 [emphasis added].

# Dvorak & Associates, LLC
### Attorneys-at-Law

August 8, 2011
Page 6

Further in this regard, the New Jersey Administrative Code provides:

N.J.A.C. 13:2-7.7, <u>Hearing not required, reasons</u>
(a) If there is no written objection and the issuing authority determines to approve the application, no hearing is required; but this in no way relieves the issuing authority from the duty of making a thorough investigation on its own initiative. The investigation should include fingerprinting and a criminal background check and financial disclosure documentation.

The law requires the City, as the licensing authority, to perform an investigation. The City has a duty to strictly regulate alcoholic beverages to protect the health, safety and welfare. The City has a further duty to insure stringent and comprehensive administration of Alcoholic Beverage Control laws. Such duty is carried out by investigating the applicants and inspecting the premises; but that the failure of anyone filing a written objection in no way relieves the City of its duty in "making a thorough investigation on its own initiative." <u>N.J.A.C.</u> 13:2-7.7   Therefore, although Plaintiff has repeatedly phrased the police department's function as "performing a background check," such a check is only one component of an investigation. Plaintiff is asking this Court to intervene into a pending investigation being performed by a sworn member of law enforcement who is conducting an investigation in accordance with State law. Plaintiff has no inherent right to sell intoxicating liquor <u>Crowley v. Christensen</u>, 137 U.S. 86, 11 S.Ct. 13 (1890), and no person is entitled as a matter of law to a liquor license. <u>Zimmerman v. Driscoll</u>, 133 N.J.L. 586 (1946) (further citations omitted).

Officer Michael DeBonis has been a member of the New Brunswick Police Department since 1996. (See Exhibit 4 to Dvorak Certification). He has been assigned as a Detective in the Special Investigations Unit as the Alcoholic Beverage Enforcement Officer since at least early 2000. His duties in this assignment include to monitor over 80+/– liquor licenses issued in New Brunswick, enforce ABC regulations, conduct investigations on license transfers, sign complaints as appropriate, process yearly renewal applications and prepare yearly tavern reports. "Responsibility for the administration and enforcement of the alcoholic beverage laws relating to the transfer of a liquor license from place to place ... is primarily committed to municipal authorities." <u>Lyons Farms Tavern, Inc. v. Municipal Board of Alcoholic Beverage Control of the City of Newark</u>, 55 N.J. 292 (1970) (further citations omitted). Officer DeBonis is conducting the within investigation. Further, Officer DeBonis was charged with the processing of 80+/– liquor license annual renewals which, by law, are due by June 30th of each year.

To clear up any innuendo, Officer DeBonis has certified he has neither been asked to delay the processing, nor been intimidated to delay, nor has he in fact delayed the processing of Plaintiff's transfer application. What Officer DeBonis has done, in fact, is to conduct a fair and reasonable investigation into the transfer of the license, both person to person and place to place with respect

# Dvorak & Associates, LLC
### Attorneys-at-Law

August 8, 2011
Page 7

to Plaintiff's application.  Upon completion of his investigations, his recommendation and findings will be reported to the Police Director and presented to the City Council.  At such time, the City Council will undertake consideration of Plaintiff's application.  "Obviously, when the lawmakers delegated to local boards the duty 'to enforce primarily' the provisions of the act it invested them with a high responsibility, a wide discretion, and intended their principal guide to be the public interest."  Id. at 303 (*quoting* Lubliner v. Bd. of Alcoholic Bev. Con. For City of Paterson, 33 N.J. 428, 446 (1960)).

As provided in Officer DeBonis' certification, his investigation certainly included a background investigation of Mr. Blatterfein and Mr. Sorrentino, but is not limited to such investigation.  Case law is clearly established that the municipal entity is *required* to consider an applicant's past record as a licensee.  Zicherman, 133 N.J.L. at 589.  Against this backdrop, Officer DeBonis' investigation includes a review of Mr. Blatterfein's conduct as a licensee at the premises for which he owns another license, i.e., Knight Club located at 164 Easton Avenue in the City of New Brunswick.

In this regard, Mr. Blatterfein's conduct with regard to respect for and compliance with the laws of the State of New Jersey and the ordinances of the City of New Brunswick are relevant to any investigation.  By way of background, on June 1, 2003, Plaintiff's permit to construct a patio on 164 Easton Ave was denied.  164 Easton Avenue is the location where Mr. Blatterfein operates his other business including a liquor license.  At some point, Plaintiff built an outdoor patio at 164 Easton and Plaintiff was served with a notice of violation for building a deck without a permit on July 16, 2003.  Plaintiff apparently installed two new bars at the premises as of March 27, 2008, yet applied for a zoning permit to install two new bars in the establishment on September 22, 2008.  Changes to the premises culminated in a Resolution of the City Council adopted *July 20, 2011* approved Plaintiff's change in the floor plan of the licenses premises and for certain other changes in the premises.  (See Exhibit 5 to Dvorak Certification) In fulfilling his duty to investigate, Officer DeBonis has compiled and evaluated relevant information regarding the above.   Information regarding a licensee's compliance/non-compliance with existing laws *may* be relevant for consideration in the issuing authority's ultimate decision. Clearly, the City of New Brunswick is acting to fulfill its statutory duty and comply with the law and public policy of the State of New Jersey.  By virtue of the fact that Plaintiff has claimed his constitutional rights were violated *prior* to the City ever even being permitted to act, raises the inference that Plaintiff's claim is without merit, and certainly does not provide clear and convincing support that plaintiff will prevail on the merits.  As such, since plaintiff has not shown clear and convincing evidence that he will prevail, his application must be denied.

As to factor number two, to show irreparable harm, a plaintiff must demonstrate a clear showing of immediate, irreparable injury.  See Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994).  In general, to show irreparable harm a plaintiff must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial."  Instant Air Freight Co. v.

Dvorak & Associates, LLC
Attorneys-at-Law

August 8, 2011
Page 8

C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989).   The problem with Plaintiff's argument is
that it does not center around his violation of free speech allegations, but rather, it centers around his
claim of entitlement to a liquor license transfer.  No person is entitled as a matter of law to a liquor
license.  Zimmerman v. Driscoll, 133 N.J.L. 586 (1946) (further citations omitted).  It is Plaintiff
who, "upon information and belief", links the delay with infringement of his free speech rights.  (See
Plaintiff's Complaint, [docket entry #1] para 31).  And yet, upon review of the timing, there is no
delay as a matter of law, see *supra*.

Additionally, Plaintiff is asking this Court to act as an Appellate Division for the
municipality's licensing responsibility, and usurping the authority of the Director of the Division of
Alcoholic Beveral Control, as well as the authority of the Superior Court of New Jersey, Appellate
Division to hear appeals.  While not directly controlling, under the Younger abstention doctrine, this
Court should decline to exercise jurisdiction.

In Younger v. Harris, the United State Supreme Court held that principles of federalism and
comity require district courts to abstain from enjoining pending state criminal proceedings absent
extraordinary circumstances.  401 U.S. 37, 91 S.Ct. 746 (1971).  The Supreme Court has since
expanded the reach of this doctrine such that federal courts now must also abstain from enjoining,
explicitly or implicitly, state civil proceedings that implicate important state interests. See e.g.,
Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987); Middlesex County Ethics Committee v. Garden
State Bar Ass'n, 457 U.S. 423 (1982); Juidice v. Vail, 430 U.S. 327 (1977).

Defendants submit that the Alcoholic Beverage Control Act's public policy component is,
by definition, an important state interest.  N.J.S.A. 33:1-3.1(b)(1).  As such, Defendants urge the
Court to abstain from interfering in the orderly progression of the State's framework for issuance of
liquor licenses.   The three prerequisites for the application of the Younger abstention doctrine are:

(1) there are ongoing state proceedings that are judicial in nature; (2) the state
proceedings implicate important state interests; and (3) the state proceedings afford
an adequate opportunity to raise federal claims.

Port Authority PBA v. Porth Authority or NY & NJ, 973 F.2d 169 (3d Cir. 1992) (*citing* Schall v.
Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).  In the instant matter, Plaintiff is asking this court to
intervene (1) prior to formal judicial proceedings (as the time for institution of same is not even upon
us), (2) with admittedly important state interests in the proper enforcement of ABC laws, and (3)
before raising said issues in any appeal proceeding.  Plaintiff's application is like asking a court to
throw out a conviction before the jury has even returned a verdict.  Under the principles of the
Younger abstention doctrine, Plaintiff's application is improper.

As to factor three, whether granting preliminary relief will result in even greater harm to the

# Dvorak & Associates, LLC
### Attorneys-at-Law

August 8, 2011
Page 9

nonmoving party, certainly the answer is in the affirmative.  Plaintiff asks this Court to compel release of an investigation which is not yet complete.  As demonstrated above, Officer DeBonis is performing a fair and reasonable investigation, within proper time frames, with which this Court should not interfere.  It is only Plaintiff's own conduct, and the late filing and late completion of his application which create the harm of which he now complains.  To grant the relief requested is to do grave harm to the independence of the investigation and the ABC license transfer process.

As to factor four, whether granting the preliminary relief will be in the public interest, Defendants submit that granting such relief will not be in the public interest.  The public policy, as expressed by the State of New Jersey is "[t]o strictly regulate alcoholic beverages to protect the health, safety and welfare of the people of this State. ..." N.J.S.A. 33:1-3.1(b)(1).  As such, to grant plaintiff's requested injunction is to impinge upon the duty entrusted to the municipality to strictly regulate alcoholic beverages to promote the health, safety and welfare of the people of the State of New Jersey.  As such, plaintiff's application should be denied.

For all of the foregoing reasons, Defendants respectfully request Plaintiff's Motion for Temporary Restraints and a Preliminary Injunction be denied.

Respectfully submitted,

/s/ Lori A. Dvorak

**LORI A. DVORAK**

cc:    Frank Pisano, III, Esq.